IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS YINGLING, Derivatively on behalf of Nominal Defendant REDWIRE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>PETER CANNITO, LES DANIELS, REGGIE BROTHERS, JOANNE ISHAM, KIRK KONERT, JONATHAN E. BALIFF, and JOHN S. BOLTON,<br><br>        Defendants,<br><br>    and<br><br>REDWIRE CORPORATION,<br><br>        Nominal Defendant. | Case No. 1:22-cv-00684-MN |

**JOINT STIPULATION AND [PROPOSED] ORDER TO TEMPORARILY STAY DERIVATIVE ACTION**

Plaintiff Nicholas Yingling ("Plaintiff"), derivatively on behalf of Nominal Defendant Redwire Corporation ("Redwire"), and Peter Cannito, Les Daniels, Reggie Brothers, Joanne Isham, Kirk Konert, Jonathan E. Baliff, and John S. Bolton (the "Individual Defendants, and with Redwire, the "Defendants"), jointly submit this Stipulation to temporarily stay this action, and in support thereof state as follows:

WHEREAS, Plaintiff commenced the instant litigation alleging the Individual Defendants breached their fiduciary duties by, among other things, knowingly disseminating false statements to the investing public in contravention of Delaware law, Section 10b-5 of the Securities Exchange

Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, which breaches are alleged to have caused harm to Redwire (the "Derivative Litigation");

WHEREAS, pending in the United States District Court for the Middle District of Florida is a putative securities class action captioned *Lemen v. Redwire Corp. et al.*, Case No. 3:21-cv-01254-TJC-PDB (the "Securities Litigation");

WHEREAS, there is an overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

WHEREAS, Redwire and Cannito are also named as defendants in the Securities Litigation;

WHEREAS, upon the filing of an amended complaint in the Securities Litigation, the defendants in the Securities Litigation anticipate filing a motion to dismiss;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," and, as a result, until the court in the Securities Litigation decides the anticipated motion to dismiss, discovery in the Securities Litigation will be stayed;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings which the Parties anticipate will commence by operation of law following the filing of a motion to dismiss in the Securities Litigation, that the Derivative Litigation should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities

Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (3) either of the Parties to this Stipulation gives 20 days' notice that they no longer consent to the voluntary stay of the Derivative Litigation.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1. The Derivative Litigation, including but not limited to all motion practice, obligations to respond to the operative complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are hereby stayed until fifteen (15) days after the earlier of the following events: (a) the Securities Litigation is dismissed in its entirety with prejudice, and all appeals related thereto have been exhausted, or is resolved or dismissed by settlement; (b) the motion to dismiss the Securities Litigation is denied, and the PSLRA stay expires as a matter of law; or (c) either of the Parties to this Stipulation gives 20 days' notice that they no longer consent to the voluntary stay of the Derivative Litigation.

2. If this stay of proceedings expires pursuant to Paragraph 1 above, the Parties shall, within fifteen (15) days after the expiration of the stay, meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Litigation, including the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in the Derivative Litigation.  Nothing in this Stipulation shall prevent or prejudice Defendants from moving for a continued stay of proceedings based on the pendency of other legal actions or a change in facts related to this case or other legal actions.  Further, nothing in this Stipulation shall prejudice Plaintiff from opposing such motion.

3. Defendants shall promptly notify Plaintiff upon becoming aware of any related derivative lawsuits ("Related Derivative Actions") or threatened, related derivative lawsuits,

including books and records demands or litigation demands ("Threatened, Related Derivative Actions").

4. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Litigation or any Related Derivative Action, and shall make a good faith effort to include Plaintiff in any mediation or settlement talks with the plaintiffs in the Securities Litigation or any Related Derivative Action. If plaintiffs in the Securities Litigation (or any Related Derivative Action or Threatened, Related Derivative Action) object to including Plaintiff in such mediation, Defendants shall mediate with Plaintiff at or about the same time separately.

5. The Parties agree that notwithstanding the stay of this Derivative Litigation, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

6. The parties to this Derivative Action are not waiving any rights, claims, or defenses of any kind, including jurisdictional defenses, and no part of this stipulation shall be construed as a waiver of any rights, claims, or defenses.

DATED: June 29, 2022

        **RIGRODSKY LAW P.A.**

        By:   /s/ *Seth D. Rigrodsky*
              Seth D. Rigrodsky (#3147)
              Gina M. Serra (#5387)
              Herbert W. Mondros (#3308)
              300 Delaware Avenue, Suite 210
              Wilmington, DE 19801
              Telephone: (302) 295-5310
              Facsimile: (302) 654-7530
              Email: sdr@rl-legal.com
              Email: gms@rl-legal.com
              Email: hwm@rl-legal.com

        *Counsel for Plaintiff*

        **KIRKLAND & ELLIS LLP**

        By:   /s/ *Mike Rusie*
              Stefan Atkinson, P.C.
              Mike Rusie
              601 Lexington Avenue
              New York, NY 10022
              Telephone: (212) 446-4800
              Facsimile: (212) 446-4900
              Email: stefan.atkinson@kirkland.com
              Email: mike.rusie@kirkland.com

        *Counsel for Defendants*

IT IS SO ORDERED this \_\_\_\_ day of _____, 2022.

_____
The Honorable Maryellen Noreika
United States District Court Judge

5